INNIS vs. CRUMMIN.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the

The whole court. The petitioner states that he is the
finding of a ju-
ry on special owner of a tract of land, situate in the parish
facts must be
taken together. of Rapides, and the improvements thereon,
Tortious acts consisting of a dwelling house, kitchen, fences,
by which no
damage has &c. and that the defendant has illegally remo-
been inflicted
on others, do ved and carried off from the land these im-
not authorise an
action. provements.

The defendant pleads that he was justified
in doing the acts complained of.

The cause was submitted to a jury on spe-
cial facts. By the verdict it appears, the plain-
tiff is owner of the land on which the improve-
ments were placed; that they were put there
by the defendant, *bona fide*, at a time when he
had reason to believe himself the proprietor of
the ground on which they were erected, and
that they have been taken off by him since he
discovered he had no title to the premises, in
consequence of a decision of this court. 12
*Martin*, 425. They further find that the build-
ings erected by the defendant were made of
materials belonging to him.

The argument has principally turned on the

effect which ought to be given to other facts found by the jury : and in order that the opin-
ion which we have formed should be fully un- derstood, we shall state at length, the ques-
tions submitted, and the answers given.

The fourth question on the part of the plain-
tiff is as follows.

" What damage has the plaintiff sustained by the act of the defendant, independent of the value of the improvements he removed : in case the court should be of opinion, he was not authorised by law to remove the same, and that he was liable for damages independent of the value of the improvements ?"

To this the jury replied—" The plaintiff has sustained no damage."

On the part of the defendant, the following interrogatory was submitted, " If the law is in favor of the plaintiff, how much damage has he suffered, and how much do you find against the defendant ?"

To which they replied " We find no da-
mage."

From the title exhibited by the plaintiff, it appears he recovered the tract of land on which the buildings, in question, were erected, in a suit where the defendant was not senten-

ced to make restitution of the fruits. The first thing, therefore, necessary to be ascertained is, what are the rights of parties so circumstanced, in relation to improvements? On this point the legislature has provided, " that if the plantations, edifices, or works, have been made by a third person, evicted but not sentenced to make restitution of the fruits, because said person possessed, *bona fide*, the owner shall not have a right to demand the suppression of the said works, but he shall have his choice, either to reimburse the value of the materials and the price of workmanship, or to reimburse a sum equal to the enhanced value of the soil."—*Civil Code*, 104, *art.* 12.

Under this law, we think the defendant acted improperly ; for, by his act, he deprived the plaintiff of his right to keep the edifices erected, and pay either for the value of the materials, or the increased value of the land. But in this, as in all other cases of the kind, there is another enquiry, besides that which goes to ascertain who has acted improperly : and that is who has suffered by the wrongful act, and what is the amount of the injury inflicted. The jury have said in answer to the fact submitted by the defendant, that if the law is with

the plaintiff, *he has sustained no damage.* A

conclusion which, it is not remarkable, they
came to; for if the party who keeps the works
must pay *their value*, it is difficult to see how
he could be much injured by their removal. It
is indeed possible, that his land, in conse-
quence of the buildings, may have been aug-
mented in value more than they were worth.
But if such had been the opinion of the jury,
they could not have found negatively, that the
plaintiff had not been injured. The plaintiff's
counsel, has, with very commendable zeal,
strenuously urged, that the finding of the jury
on the fact submitted by him, entitles his cli-
ent to judgment: because, in their answer,
they impliedly admit he had a right to the va-
lue of the improvements, in declaring that he
had suffered no damage *beyond* that value.
But the whole verdict must be taken together,
and so taken, there cannot be a doubt they in-
tended to find, no damage had been sustain-
ed. The answer to the fovrth fact on the part
of the defendant, is positive on this head.
The verdict of the jury having found every
thing in dispute between the parties, there is
nothing left for this court to do, but to pro-
nounce the law on the facts thus ascertained

West'n District and settled : and our opinion is, that tortious
*Sept.* 1823. acts, do not furnish ground for an action,
INNIS when they occasion no damage to others.
*vs.*
CRUMMIN.

It is, therefore, ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Scott* for the plaintiff, *Baldwin* for the de-
fendant.